UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles W. Penland, Sr., # 12904-171 ) | C/A No. 6:07-3109-HFF-WMC |
| Plaintiff, ) | |
| vs. ) | |
| Carolina First Bank, United States of America and its ) appointed trustee, and Bonding Company, ) | **Report and Recommendation** |
| Defendants. ) | |

## Background of this Case

The *pro se* plaintiff in this case is Charles W. Penland, Sr., who is a federal inmate at FCI-Butner serving a 120-month sentence for conspiracy to distribute cocaine and methamphetamine entered in *United States v. Penland*, Criminal No. 7:05-710-HFF (DSC). The plaintiff brought this civil action alleging that the defendants violated his procedural due process rights and South Carolina's "right to cure" law during the seizure of his motor home and the personal possessions contained therein.[1] The plaintiff paid the full three hundred fifty ($350) filing fee in this case. *See* Receipt No. 600003872 (DSC, October 12, 2007). He seeks monetary damages in the amount of $600,000.00. On October 15, in response to this Court's proper form Order entered October 1, 2007, the plaintiff notified the Court that he only desires to serve Carolina First Bank.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

### *Pro Se* **Prisoner Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. Notwithstanding that this prisoner paid the full filing fee and that he now only pursues a claim against a private company, the pleadings have been reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915(e)(2). *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting that § 1915A is restricted to prisoners who sue governmental entities, officers, or employees, but that § 1915(e)(2) applies to any case filed by a prisoner regardless of whether the prisoner paid the full filing fee). The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

**I.  *Plaintiff's Letter to the Clerk of Court entered on October 15, 2007***

The plaintiff's letter to the Clerk of Court entered on October 15, 2007, stated that he now desires only to proceed against Carolina First Bank.  This Court construes his letter as a motion to amend the complaint to drop all defendants, except Carolina First Bank.  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15.  This action has not been authorized for service of process, and the plaintiff is entitled to drop defendants United States and Bonding Company. Accordingly, the letter entered October 15, 2007, construed as a motion, should be granted; the undersigned now considers that only Carolina First Bank is a named defendant.

**II.  *Lack of Subject Matter Jurisdiction***

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such

ground appears." *Bulldog Trucking*, 147 F.3d at 352.  See also F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  *Pinkley, Inc.*, 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Id*.

The plaintiff's complaint seems to allege a state law claim for violation of South Carolina's "right to cure" law.  A plaintiff may proceed on a state law claim in federal court if the diversity jurisdiction statute is satisfied.  The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  *See* 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other

side.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).  In a pending case before this Court, the plaintiff responded to Special Interrogatories by the Court.[2]  *See Penland v. Governor of South Carolina*, Civil Action No. 6:07-cv-3241-HFF-WMC, Answer to Court Interrogatories, Oct. 11, 2007.  The plaintiff advised the Court that his intended domicile before and after his incarceration is South Carolina.  *Id.*  In this action, the plaintiff makes no allegations in the complaint as to defendant Carolina First Bank's location or domicile.  In the service documents mailed to the Clerk of Court, the plaintiff states that the defendant's main office is located in Greenville, South Carolina.  Accordingly, this Court has no diversity jurisdiction over the case *sub judice* because it appears that the plaintiff and defendant are domiciled in South Carolina; hence, complete diversity of parties is absent.

For the plaintiff to proceed under federal question jurisdiction by alleging a due process claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Giving the plaintiff's complaint liberal construction, he alleges that the defendant Carolina First Bank is a private company, not associated with the government.  In limited circumstances, a private entity defendant

---

[2] Taking judicial notice of another pending case by the plaintiff is appropriate.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

can act under color of state law for purposes of § 1983. The Fourth Circuit has articulated three situations in which particular conduct by a private entity constitutes "state action." *See Conner v. Donnelly*, 42 F.3d 220, 223 (4th Cir. 1994). "First, a private party that is regulated by the state acts under color of state law where there is a ' sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Id. See also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). Second, "where the state, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state." *Conner v. Donnelly*, 42 F.3d at 224. Third, where the private party exercised powers "that are 'traditionally the exclusive prerogative of the state.'" *Id.* In this case, the plaintiff does not allege that Carolina First Bank's actions could be deemed state action nor does he allege any facts that would support that legal theory under § 1983. Accordingly, because this Court does not have federal question or diversity jurisdiction, the complaint should be summarily dismissed for lack of subject matter jurisdiction.

**III.  *The Criminal Forfeiture***

The above-captioned case is also subject to summary dismissal because Charles W. Penland, Sr.'s conviction in Criminal No. 7:05-710 has not been reversed, vacated, or set aside. To the extent the defendant's seizure of the plaintiff's motor home and contents therein was authorized by the Orders of forfeiture entered against the plaintiff in Criminal No. 7:05-710, the above-captioned case is subject to summary dismissal

because a right of action has not yet accrued. The United States Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (footnote omitted).

The United States Court of Appeals for the Fourth Circuit recently affirmed Charles W. Penland, Sr.'s conviction and the Order of Forfeiture in Criminal Action No. 7:05-710-HFF. *See United States v. Charles W. Penland, Sr.*, ___ Fed. Appx. ___, No. 07-4201, 2007 WL 2985299 (4th Cir., October 15, 2007) ("We first conclude that Penland has waived his right to appeal either his sentence or the forfeiture order."). The plaintiff has not demonstrated that the forfeiture order against his property has been reversed, expunged, or declared invalid in a habeas action, so he cannot pursue this action for damages if the defendant's actions were authorized by the Order of Forfeiture.[3]

---

[3] A review of the Orders of Forfeiture entered in Criminal Action No. 7:05-cr-710 does not reveal whether the plaintiff's motor home was subject to criminal forfeiture.

7

## Recommendation

Accordingly, it is recommended that the District Court construe the plaintiff's letter entered October 15, 2007, as a motion to drop defendants United States and Bonding Company, and to grant the motion. Because this Court lacks subject matter jurisdiction over this case, it is recommended that the above-captioned case be dismissed *without prejudice* and without issuance and service of process. *See In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). **I further recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).**

*The plaintiff's attention is directed to the very important notice on the following page.*

s/William M. Catoe
United States Magistrate Judge

October 25, 2007
Greenville, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The plaintiffs are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9